IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ARTHUR JOYAL BARKER           §
                              §
          Petitioner,         §
                              §
VS.                           §
                              §          NO. 3-11-CV-3345-L-BD
RICK THALER, Director         §
Texas Department of Criminal Justice,  §
Correctional Institutions Division     §
                              §
          Respondent.         §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Arthur Joyal Barker, a Texas prisoner, has filed a motion for leave to file a second

or successive application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons

stated herein, the motion should be dismissed for want of jurisdiction.

I.

In 2005, petitioner pled guilty to aggravated robbery and was sentenced to 80 years

confinement.  His conviction and sentence were affirmed on direct appeal.  *Barker v. State*, No. 05-

05-00515-CR, 2006 WL 279381 (Tex. App. -- Dallas, Feb. 7, 2006, pet. ref'd).  Petitioner also

challenged his conviction in six state writs and three federal writs.  One state writ was denied

without written order.  *Ex parte Barker*, WR-67,592-01 (Tex. Crim. App. Jun. 13, 2007).  Five other

writs were dismissed for abuse of the writ.  *Ex parte Barker*, WR-67,592-04 (Tex. Crim. App. Mar.

19, 2008); *Ex parte Barker*, WR-67,592-10 (Tex. Crim. App. Feb. 11, 2009); *Ex parte Barker*, WR-

67,592-13 (Tex. Crim. App. Jan. 13, 2010); *Ex parte Barker*, WR-67,592-15 (Tex. Crim. App. Nov.

24, 2010); *Ex parte Barber*, WR-67,592-16 (Tex. Crim. App. Sept. 7, 2011).  With respect to his

federal writs, one was denied on the merits. *Barker v. Quarterman*, No. 3-07-CV-1321-N, 2008 WL 2097165 (N.D. Tex. May 16, 2008), *COA denied*, No. 08-10572 (5th Cir. Mar. 17, 2009). Two others were dismissed as successive. *Barker v. Quarterman*, No. 3-09-CV-0729-K, 2009 WL 1321650 (N.D. Tex. May 11, 2009), *auth. for leave to file succ. writ denied*, No. 09-10461 (5th Cir. Aug. 5, 2009); *Barker v. Thaler*, No. 3-10-CV-0655-M, 2010 WL 1815832 (N.D. Tex. Apr. 13, 2010), *rec. adopted*, 2010 WL 1815722 (N.D. Tex. May 3, 2010), *auth. for leave to file succ. writ denied*, No. 10-10451 (5th Cir. Aug. 31, 2010). The Fifth Circuit has also denied three motions filed by petitioner seeking leave to file a successive application for writ of habeas corpus. *In re Barker*, No. 10-11253 (5th Cir. Feb. 20, 2011); *In re Barker*, No. 11-90027 (5th Cir. Aug. 1, 2011); *In re Barker*, No. 11-90032 (5th Cir. Aug. 1, 2011). In each case, petitioner was ordered to pay a monetary sanction and "barred from filing in this court or in any court subject to this court's jurisdiction any challenge to his conviction or sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge." *Barker*, No. 10-11253, or. at 2; *Barker*, No. 11-90027, or. at 1-2; *Barker*, No. 11-90032, or. at 1-2. Undeterred, petitioner now asks this court for leave to file a second or successive application for writ of habeas corpus.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). A claim presented in a second or successive application under section 2254 must be dismissed unless:

> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the court of appeals. *Id.* § 2244(b)(3). A district court lacks jurisdiction to consider a motion for leave to file a second or successive writ. *See Brewer v. Quarterman*, No. 3-08-CV-0847-L, 2008 WL 2531396 at *3 (N.D. Tex. Jun. 20, 2008), *citing United States v. Key* 205 F.3d 773, 774 (5th Cir. 2000).

## RECOMMENDATION

Petitioner's motion for leave to file a second or successive application for writ of habeas corpus should be dismissed for want of jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED:  December 7, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE