IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ARTHUR JOYAL BARKER,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:11-CV-3345-L-BD** |
| § | |
| **RICK THALER,** Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## ORDER

Before the court is Petitioner Arthur Joyal Barker's Motion for Leave to File Second or Successive Application for Writ of Habeas Corpus Under 28 U.S.C. § 2254 and Petitioner's Motion for Leave to Proceed In Forma Pauperis, both of which were filed December 2, 2011. The case was referred to Magistrate Judge Jeff Kaplan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on December 7, 2011. Petitioner filed objections to the Report on December 21, 2011.

Having reviewed the pleadings, record in this case, objections, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct to the extent the magistrate judge concluded that the court lacks jurisdiction to hear Petitioner's successive habeas application. When a petition is successive, the petitioner must seek an order from the Fifth Circuit that authorizes the court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because the Fifth Circuit has not issued an order authorizing the district court to consider Petitioner's successive petition, the court lacks jurisdiction over the action, and the case

must be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The court therefore **overrules** Petitioner's objections, **denies as moot** Petitioner's Motion for Leave to Proceed In Forma Pauperis, and **transfers** this action to the Unites States Court of Appeals for the Fifth Circuit. Petitioner is **admonished that he will be subject to sanctions** should he continue to argue claims concerning these convictions in this court without first seeking and acquiring authorization from the Fifth Circuit to file a successive petition. The clerk of the court shall effect the aforementioned transfer in accordance with the usual procedure.

     **It is so ordered** this 23rd day of December, 2011.

                                                             Sam A. Lindsay
                                                             United States District Judge